```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

RODNEY ELEAZER,

                        Plaintiff,                Case No. CV-06-5084 (BMC)

        -against-
                                                  **MEMORANDUM AND**
DISTRICT ATTORNEY SUFFOLK                         **ORDER OF DISMISSAL**
COUNTY,

                        Defendant.

-----------------------------------------------------------X
```

**COGAN, District Judge.**

On September 5, 2006, plaintiff, a prisoner incarcerated at Yaphank Correctional Facility in Suffolk County, forwarded a letter to the Honorable Jack B. Weinstein, United States District Judge, alleging civil rights violations in connection with his pending state criminal action. By Order dated September 13, 2006, Judge Weinstein directed the Clerk of Court to open a new civil rights action without prepayment of fees. Accordingly, the instant action was opened and randomly assigned. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

Plaintiff's complaint states:

> Please review these documents the county clerk has refused to respond to any motion that I place in respect to my case. The complaint was altered into two different arrest charges when if viewed can be seen. The appellate court has ruled that identification after (72) hours is unacceptable in lite of the fact that people make mistakes in identifying subjects after a lapse of time! Sir, please review these documents because there is an injustice and civil rights violation as well as a personal vendetta in this matter. I am not and cannot afford an attorney to respectfully help me in this subject matter.

Complaint at 1. In addition, plaintiff annexes to his complaint, a copy of a motion along with an order to show cause which he filed in New York State Supreme Court, Suffolk County, in September 2006. The motion requests that the indictment be dismissed based on an alleged violation of plaintiff's right to a speedy trial. See Motion and Affidavit in Support of Order to Show Cause, annexed to Complaint.

## STANDARD OF REVIEW

The Court construes plaintiff's complaint liberally, particularly because it alleges civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Nonetheless, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. at § 1915A(b); 28 U.S.C. § 1915 (e)(2)(B); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Plaintiff seeks this Court's intervention in a criminal case presently pending in state court. It is well-settled that federal courts cannot intervene in ongoing criminal proceedings, except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37 (1971). As applied in our Circuit, "Younger abstention is

mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003). When Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter. Colorado Riv. Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n. 22 (1976); Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002).

Here, all three requirements are satisfied. Plaintiff currently is the subject of an ongoing state criminal prosecution. Moreover, the state has a compelling interest in adjudicating its criminal cases. Finally, plaintiff can raise his constitutional claim of violation of his right to speedy trial before the state courts either during the criminal trial or on direct appeal. Accordingly, this Court must abstain from adjudicating plaintiff's claims challenging his ongoing state criminal court proceedings.

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**The Clerk of the Court is directed to mail a copy of this Order to plaintiff *pro se*.**

**SO ORDERED.**                                    /s/(BMC)
                                                   _____
                                                          U.S.D.J.
Dated: Brooklyn, New York
       November 2, 2006